GEORGE EMERSON *versus* EZEKIEL LAKIN.

When there is a defect or omission in the declaration, and the issue joined is such as to require, on the trial, proof of the facts defectively stated or omitted, such defect or omission is cured by a verdict.

And when there has been a trial on issue joined before a magistrate, his decision in favor of the plaintiff must be considered as evidence equivalent to the verdict of a jury, that the plaintiff was entitled to recover upon the testimony introduced; and a defect or omission in the declaration is cured as well by the judgment of the magistrate as by the verdict of a jury.

A declaration in an action to recover of a private a forfeiture for his neglect to appear at a company training or regimental review, should state that the privates composing the company were ordered to appear at the time and place by their commanding officer, or by some competent authority; but the omission is cured by the judgment of the magistrate, after trial of the issue.

But if the penalty was incurred by neglect to attend a regimental review, it is not necessary to allege also, that the commanding officer of the company issued his order in obedience to one from his superior officer.

Parol evidence is admissible to show, that a company of militia has been known by different names.

A magistrate has no authority at a trial to permit the clerk of a militia company to amend his company roll; but the clerk has power to make such amendment under the sanction of his official oath.

THIS was a writ of error brought to reverse a judgment, rendered by a justice of the peace in an action of. debt, in favor of .Lakin, as clerk of a company of militia, against Emerson for neglecting to appear at a regimental review and inspection on September 9, 1840.

The errors assigned, which were relied upon in the argument, are stated in the opinion of the Court. The parties agreed that the case should be argued in writing in 1841, but from accident the arguments did not reach the Court until April, 1844.

*Howard & Osgood* argued for the plaintiff in error in support of the sufficiency of the errors assigned to reverse the judgment. In support of the position, that the limits of the company were not proved by legal testimony, they cited *Gould v. Hutchins,* 1 Fairf. 145; and *Avery* v. *Butters,* 2 Fairf. 404.

*Carter* argued for the respondent. In support of the principle, that a direct averment is not necessary, if it be a necessary inference or legal presumption from such facts as are avered, he cited 13 Mass. R. 406 ; 14 Mass. R. 157.

If there is a defect in the declaration, by an omission to aver a fact, proved by the evidence, it becomes good by pleading the general issue, and by the trial and judgment. 6 Pick. 409 ; 7 Greenl. 63.

That parol evidence was admissible to prove that the company H. and the one of which the selectmen of the town defined the limits were the same. *Richardson* v. *Bachelder*, 19 Maine R. 82.

That the roll might be amended, and as amended was sufficient. 14 Maine R. 121 and 205 ; 19 Maine R. 111.

The opinion of the Court was drawn up by

Shepley J.— The first error assigned is, that the declaration was too defective to authorize a judgment in favor of the original plaintiff. It is contended, that it should have contained an averment, that the privates had been ordered to appear at the time and place appointed for the review by the commanding officer of the company, and that such order had been issued in obedience to the orders of his superior officers ; because they alone were authorized to determine the time and place for the review.

The declaration is quite unskilfully drawn. It states, that the "said company was drawn forth to assemble at Enoch Gammon's house in Naples, at six o'clock, A. M. on the ninth day of September, 1840, for the purpose of regimental inspection and review." This does not necessarily imply, that the privates composing the company were ordered to assemble at that time and place by their commanding officer, or by any competent authority. By the act then in force, c. 44, art. 28, a forfeiture was incurred by a private, "who being duly ordered," should unnecessarily neglect to appear at any inspection or · review. But it does not follow, that the judgment must be reversed because the declaration was thus defective. The

magistrate could not have found the private guilty of a breach of the law without proof, that he had been duly ordered to appear. And the rule is well established, that when there is a defect or omission in the pleadings, and the issue joined is such as to require on the trial proof of the facts defectively stated or omitted, such defect or omission is cured by the verdict. It is said, however, that it is cured only by a verdict. But the rule is founded upon the necessity, that there should be proof of the facts defectively stated or omitted; and the verdict is only referred to as evidence, that such proof must have been introduced. And the reason, why the rule does not apply to cases of judgment by default, is, that in such cases the introduction of proof is not required ; and the judgment would not therefore show, that the plaintiff had made out a case, on which he was entitled to recover. When there has been a trial on an issue joined before a magistrate, his decision in favor of the plaintiff must be considered as evidence equivalent to the verdict of a jury, that the plaintiff was entitled to recover upon the testimony introduced. And in such cases the defect or omission in the declaration is cured as well by the judgment of the magistrate as by the verdict of a jury. An averment, that the commanding officer of the company issued his order in obedience to one from his superiors, was not required. He was authorized by the act to order his company to be paraded for review at such time and place, as should be designated by his superior officers. And the forfeiture was imposed for disobedience to his lawful order. The law will presume the order to have been lawfully issued until the contrary be proved.

Another error assigned is, that parol testimony was admitted " to prove, that the H company had always been considered to be the same company as described in the document signed by the selectmen as Capt. James Ross' company." Such testimony did not determine or vary the limits of the company, which were proved by the proper testimony. It only proved, that the same company had been known by different names.

The point was decided in the case of *Richardson* v. *Batchelder*, 1 App. 82.

Another error assigned is, that the testimony introduced to prove, that the plaintiff in error had been duly enrolled as a member of the company was illegal and insufficient. The document received for that purpose was described as the "Record of the roll of the company of infantry in the second regiment, first brigade, fifth division, under the command of Capt. Lovell V. Foster, as corrected on the first day of May, 1840." The defendant in error was appointed clerk on August 25, 1840, by another captain, who had been qualified on that day. The roll, without any authentication by any former officer or clerk of the company, appears to have come to the possession of the defendant as clerk, and to have been used on that day. At the time of the trial it was first authenticated as the roll of the company by the clerk as the one used and corrected on that day. The magistrate could not authorize any amendment or authentication of it. The clerk might make the necessary certificate under the sanction of his official oath. And this he might do at a later time as of the date of the transaction, as appears to have been decided in the case of *Cox* v. *Stevens*, 2 Shepl. 205. The other errors assigned have not been insisted upon in the argument.

*Judgment affirmed.*